HUTTIG MANUFACTURING COMPANY v. NATIONAL CONTRACTING COMPANY.[1]

December 28, 1917.

No. 20,675.

Contract — construction of offer — breach — damages.

The trial court correctly instructed the jury that under the accepted proposal described in the opinion, and certain correspondence which followed, a contract was made between plaintiff and defendant, that it was admitted that the contract was broken by plaintiff, and that the only question for the jury was the extent of the damages sustained by defendant from the breach.

Action in the district court for Douglas county to recover a balance of $175.  Defendant set up a counterclaim for $677.32.  The facts are stated in the opinion.  The case was tried before Roeser, J., and a jury

[1]Reported in 165 N. W. 879.

which returned a verdict in favor of defendant for $716.50. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Ralph S. Thornton,* for appellant.

*Constant Larson,* for respondent.

BUNN, J.

In October, 1915, defendant entered into a contract with the proper authorities for the construction of a public school building at Glenwood, Minnesota. October 14, plaintiff wrote to defendant as follows:

We will furnish the mill work, subject to a mutually satisfactory contract, for the school building at Glenwood, Minn., by Alban & Lockhart, architects, all as per plans and specifications, glazed, including birch trim as per alternate.

The above for the sum of four thousand one hundred and eighty-two ($4,182.00) dollars f. o. b. cars Muscatine, Iowa, with freight allowed to Glenwood.

The Huttig Mfg. Co.
Per F. I. Taylor.

This proposal was accepted by defendant in writing at the foot of the letter.

Plaintiff furnished mill work under this contract to the invoice value of $725, when it refused to further perform its contract. This action was brought to recover a balance of $175 alleged to be due for the mill work delivered. The answer admitted the balance due plaintiff on this account, but claimed damages from plaintiff on account of its refusal to furnish the rest of the mill work as agreed. The jury found a verdict in favor of defendant, assessing its damages at the sum of $716.50. Plaintiff appeals from an order denying its motion for a new trial.

The assignments of error all go to the same point, the court's instruction to the jury that under the accepted bid and certain correspondence that followed a contract was made between plaintiff and defendant, that it was admitted that the contract was broken by plaintiff, and that the only thing left for the jury was to determine how much damage the defendant had suffered on account of the breach. Plaintiff's only criticism of this instruction is that it told the jury that plaintiff and defendant

entered into a contract for the mill work. The contention is that the words "subject to a mutually satisfactory contract" in the proposal made the contract conditional upon the execution of a further "mutually satisfactory contract."

We are not sure what the quoted words mean in the connection in which they are used, but it is clear enough that the accepted proposal was a complete contract in itself, and it was so construed by plaintiff in a letter written by it to defendant the next day, in which letter plaintiff acknowledged receipt of "signed contract given our Mr. Taylor for furnishing material for the Glenwood School," thanks defendant for the business, and promises to ship some of the material in a very short time. This, and the actual furnishing of part of the mill work without any suggestion that the contract was not complete and final, and other conduct of plaintiff, leaves no room for doubt that the accepted proposal was a complete, final and binding contract. As it was admitted that plaintiff breached this contract, the court was clearly right in saying to the jury that all that was left for them was to determine defendant's damages. No claim is made as to the sufficiency of the evidence as to these damages.

There is a claim of newly discovered evidence, but no assignment of error raises the question, and it is not before us.

Order affirmed.